## FRANK C. SCHATTLER v. WILLARD M. LILLIBRIDGE, CIRCUIT JUDGE OF WAYNE COUNTY.

NOTICE OF TRIAL—NECESSITY OF IN QUO WARRANTO CASES.

Relator applied for *mandamus* to compel the respondent to vacate an order placing the issue framed in a *quo warranto* proceeding, brought to test relators title to the office of Supervisor on the calendar, and setting a day for the trial thereof during the then term of court without service of notice of trial, as provided for by How. Stat. § 7551. An order to show cause was denied.

*William Look* and *Ira G. Humphrey*, for relator contended:

1. That on April 21, 1896, the Supreme Court adopted Circuit Court Rule No. 108 (104 Mich.) which provides, among other things that the issue framed in a *quo warranto* case by the filing and service of a replication to the plea of the respondent shall be at once placed upon the calendar of the then pending term for trial, upon due notice by either party, and shall be given precedence over all civil cases, and that the Circuit Judge acted under said rule in making the order complained of.

2. That upon the hearing below respondent's counsel cited as authority for making said rule section 3, of Act. No. 221, Laws of 1861 (How. Stat. § 8662) which authorized the circuit courts to make rules to regulate proceedings under informations in the nature of *quo warranto*, to have effect until the Supreme Court should make rules therefor; that said statute does not affect the question under discussion; and if it did, it was repealed by How. Stat. sec. 7551, which, as amended in 1883, provides "that written notice of trial of every issue of fact in a circuit court shall in all cases be served at least fourteen days before the first day of the court at which said trial shall be intended to be had."

*Allan H. Frazer*, prosecuting attorney, (*Charles B. Warren*, of counsel) for respondent, contended:

1. That the information was filed three days after the adoption of Circuit Court Rule No. 108, which provides among other things, that *quo warranto* cases shall be deemed to be at issue upon the filing and service of a replication to the plea of the respondent to the information filed against him; that under How. Stat. sec. 6409, the Supreme Court

has authority to regulate the forms of pleading; that the adoption of said rule removes all question as to whether or not a *similiter* was necessary to put the case at issue, and as to whether or not notice of trial should have been served after the filing and service of the *similiter*.

2. That the only other question raised by counsel for relator is that Circuit Court Rule No. 108, contravenes How. Stat. § 7551 cited in his brief; that said section is not applicable to the trial of *quo warranto* cases; that the Supreme Court in adopting Circuit Court Rule No. 108 prescribed a rule for the trial of such cases; that it was empowered to do so by § 8, article 6, of the Constitution as amended, and by virtue of its authority under How. Stat. Chap. 278, to regulate the trial of such cases; that when the circuit courts were given jurisdiction of *quo warranto* cases, How. Stat. § 7551 did not apply to the trial of the same, nor, by reason of the vesting of original jurisdiction in the circuit courts to try such cases, did said rule become applicable, the power to make rules governing their trial being granted to the Supreme Court.

The facts as alleged in the petition for *mandamus* were as follows:

a—That on April 24, 1896, the prosecuting attorney of Wayne county filed in the circuit court for said county an information in the nature of *quo warranto* to test the title of the relator to the office of Supervisor.

b—That on May 13, 1896, the relator pleaded to said information setting forth his election, denying the election of his opponent named in the information, and averring the issuance to him on April 8, 1896, of a certificate of election.

c—That on May 16, 1896, a replication was filed to said plea, and a copy thereof served on relator.

d—That on May 18, 1896, the prosecuting attorney entered a motion that said case be placed on the docket of the then present April term of court, for trial, and caused notice of the hearing of said motion to be served upon relator.

e—That on May 20, 1896, relator filed a *similiter* to said replication, and caused a copy thereof to be served on the prosecuting attorney.

f—That on June 5, 1896, respondent made an order granting said motion, and

setting the case down for trial for June 18, 1896.

g—That the said April term of court commenced on April 7, 1896, and terminates on July 7, 1896, at which time the next term of said court will commence.